J. S53030/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. : No. 3492 EDA 2016
:
PADRAIC COUGHLIN :

Appeal from the Order, October 11, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011139-2015

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:
**FILED NOVEMBER 15, 2017**

I respectfully dissent to the majority's conclusion that the Commonwealth failed to demonstrate that exigent circumstances were present.  Based on the totality of the circumstances, I believe Officer Sulock did not need a search warrant to enter the residence.

The record reflects that Officer Sulock received a radio call for a possible shooting along East Madison Street in the City of Philadelphia.  When Officer Sulock reached East Madison Street, Jessica Cupps ("Cupps"), a neighbor of appellee, informed him that a white male, dressed all in black, was acting "crazy" and shooting an assault rifle in the rear of the property.  When Officer Sulock shined a flashlight into the backyard of appellee's residence, he noticed bullet casings.  Then appellee, who fit Cupps's

description of the shooter, left the residence at a fast pace. After Officer Sulock ordered appellee to the ground and handcuffed him, Officer Sulock questioned appellee as to whether anyone was inside. Appellee gave inconsistent answers: first, he said there was someone inside; then he said that no one was inside; and finally, he said that someone might be in the house. (Notes of testimony, 10/11/16 at 9-13.)

These circumstances could certainly lead a police officer to enter the premises to determine if there were any other armed individuals, any injured or dead individuals, any people hiding in the house, or anyone who had been restrained by appellee. To suggest that the police officers leave the scene, swear out a warrant, obtain a signed warrant, and then return to the scene to check on the status of any individuals who might be inside ignores the reality of the situation.

The majority asserts that the Commonwealth failed to establish exigent circumstances in part because the police did not receive a call that the suspect had targeted others, there were no injured persons at the scene, and there were no reports that anyone was present in appellee's house. While that is all true, the majority does not acknowledge that someone described as "crazy" was most likely firing a gun in his backyard and gave inconsistent answers regarding whether anyone was inside and whether anyone was injured. Given that the test of a legal search is the objective reasonableness of the search under the totality of the circumstances, **see**

***Commonwealth v. Watley***, 153 A.3d 1034, 1045-1046 (Pa.Super. 2016), I believe that there were exigent circumstances that allowed the police to search appellee's residence without a warrant.[1]

I would reverse.

---

[1] Similarly, I do not agree with the majority's determination that because the police did not see any blood, see anyone inside the house, or hear screams, there were no exigent circumstances. The fact that a shooter ran out of the house, had been termed "crazy" by a neighbor, and gave inconsistent answers regarding whether anyone was inside the residence, I believe, was sufficient.